UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MABEL AMPONSAH,

    Plaintiff,

v.                                                            Case No. 17-13709
                                                                 Honorable Victoria A. Roberts

BAR ASSOCIATION OF USA, et al.,

    Defendants.

_____/

**<u>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [Doc. 2] AND SUMMARILY DISMISSING THE COMPLAINT [Doc. 1]</u>**

On November 14, 2017, Plaintiff Mabel Amponsah filed a *pro se* civil rights complaint against the "Bar Association of USA" and three attorneys, Cameron A. Evans, Peter W. Peacock and James A. McGrail. Plaintiff also filed an application to proceed *in forma pauperis*.

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, her complaint is **DISMISSED** as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds *in forma pauperis*, the Court has an obligation to screen the complaint and dismiss the case if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although the Court construes a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that "leniency . . . is not boundless," and "basic

pleading standards" still must be satisfied. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Specifically, a *pro se* plaintiff's complaint still "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Plaintiff appears to be suing attorneys who represented opposing parties in a previous case Plaintiff filed. She alleges that the attorneys moved to dismiss that case with "no concern [for] the one whom their client has violated and caused severe damages . . . ." [Doc. 1, PgID 8]. Among other things, Plaintiff seeks: (1) compensatory damages of $4.9 billion, of which $1.4 billion goes to her and the remaining amount goes to "the funding of Chaplaincy Service for Spiritual Revival and Restoration of Americans' Christian Faith and Values of the Fathers which is the Ultimate for all Mankind"; (2) "Spiritual Training for Law School Students, Bible as a Subject must be added to the curricula of law school . . ."; and (3) that the defendant-attorneys be suspended for five to seven years.

Construing the complaint liberally, the Court finds that Plaintiff's claims lack an arguable basis in fact and/or law, and must be dismissed.

Plaintiff's complaint is frivolous and fails to state a claim on which relief may be granted. Accordingly, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Moreover, the Court **CERTIFIES** that any appeal of this order would be frivolous and would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
Dated: November 21, 2017     United States District Judge